Rockingham, }
Dec. 2, 1902. }

### ADAMS, *Trustee, & a.* v. DERRY.

Where a will provides for the erection of a building to be used for the public accommodation, which shall contain "suitable rooms for the keeping of the town public library," the fact that the only public library in the town was located by the donors in a particular section is not sufficient to prove an intention on the part of the testator to similarly. restrict the selection of a site for the proposed building, in the absence of an express direction to that effect, or language indicating such a purpose.

BILL IN EQUITY, for the construction of a will. Facts agreed, and case transferred from the April term, 1902, of the superior court by *Pike*, J.

Benjamin Adams, late of Derry, died March 11, 1901. His will is dated December 13, 1899, and among other pro-

visions contains the following: "Fourth. I give and bequeath to the town of Derry . . . the sum of ten thousand dollars ($10,000), to be used and expended by the said town in the erection of a suitable building to be known and designated as the Benjamin Adams Memorial Building, said building to contain a public hall for the accommodation of the public, and suitable rooms for the keeping of the town public library, and rooms for the use of the officers of said town for the transaction of the town business, and to contain ample fire-proof vaults for the safe keeping of the records of the town. The building herein provided for, the said town shall erect within two years from the date of my death, and my executor herein named is directed to pay the said sum of ten thousand dollars to said town as soon after my decease as possible, that the provisions of the will may be complied with."

The only "town public library" is the Taylor Library, which was given to the town by will and gift, and was located by the donors at East Derry. By the terms of the gifts, which were accepted by the town, the donations should be forfeited if the library is divided or located in any other section of the town. Benjamin Adams resided in that section of the town, and the town hall, selectmen's rooms, and town clerk's office were located there. The rooms containing the library are in the second story of the town house, are not fire-proof, and have become too small to properly accommodate the same, so that it will be necessary very soon to provide other accommodations. All the foregoing facts were known to the testator when he made his will.

June 26, 1901, the town voted to locate the Benjamin Adams Memorial Building upon a lot in a part of the town known as West Derry, where the principal business of the town is carried on. The plaintiffs claim that by the terms of the will, and upon the foregoing facts, the testator intended that the building should be located at East Derry. Lucian H. Adams, one of the plaintiffs, is a trustee under the will, and the other plaintiffs are residents and taxpayers in the town of Derry.

*Eastman & Hollis*, for the plaintiffs.

*G. K. & B. T. Bartlett* and *John G. Crawford*, for the defendants.

WALKER, J. Upon the face of the will no ambiguity is suggested in regard to the location of the memorial building. There is no express direction that it should be located in the east or the west part of the town; nor does the language used show that its location in a particular part of the town was a matter which the .

testator wished to control. If such had been his purpose, it is inconceivable that, instead of using apt language to express it, he preferred to leave it to be found indirectly by a doubtful inference. The absence of such language is strong evidence of the absence of such a purpose, which must prevail, unless the competent facts and circumstances, not found in the will, lead to a different conclusion.

The facts, that the donors of the Taylor Library provided against its removal from East Derry, that there is no other "town public library" in the town, and that the testator knew these facts, show, it is claimed, that the testator's intention was that the memorial building, which was to contain "suitable rooms for the keeping of the town public library," should be located in the easterly part of the town. But the very evident general purpose of the testator, as shown not only by this paragraph of the will but by others, was to confer a benefit upon the town as a whole. He desired to promote the interests of his townsmen; and to effectuate that purpose, he provided for the erection of a building to be used for the public convenience, which should "contain a public hall, . . . suitable rooms for the keeping of the town public library," and other rooms for the use of the town officers. So far as the public hall and rooms for the town officers are concerned, there is no evidence that the testator intended that the building should be erected in East Derry rather than in some other part of the town. His only restriction in this regard was that the building, wherever located, should be so constructed as to accommodate the people in those respects. The remaining object he had in mind was that it should afford suitable rooms for public library purposes. In the absence of a restriction like that contained in the Taylor gift, there is no reason why the books of a public library should all be kept in one library room or building. Indeed, it might be of great public convenience that there should be two or more suitable places in a large town like Derry, containing two or three villages, where books of the public library might be found. The town library would not be destroyed by such a convenient disposition of its books. If the books purchased by the funds of the Taylor gift must be kept in East Derry, that restriction would not prevent books paid for by public money raised by taxation from being kept in "suitable rooms" in West Derry. All the books procured in both ways would constitute "the town public library."

Four years before the date of the will the legislature required each town to raise annually a sum of money by taxation, proportioned to the amount of public taxes, which "shall be appropriated to the sole purpose of establishing and maintaining a free public

library within such town." Laws 1895, c. 118, ss. 1, 3. Books purchased with the money raised by compliance with this statutory provision are not required to be kept in any particular place. They constitute a part, at least, of the town public library, and it is not improbable that it was for their care and preservation that the testator required the construction of "suitable rooms" in the memorial building. Whether they are regarded as a part of the library now located in East Derry or not, he may have understood that they were not subject to the restriction attached to the Taylor Library, and that if the town chose to locate the building in West Derry, rooms for their accommodation therein would be a public benefit.

In view of the absence of the testator's intention, expressed by the language of the will, to locate the building in East Derry, and in view of the fact that its location in West Derry would not be necessarily inconsistent with his intention indicated both from the will and the extraneous circumstances, it is not probable that he intended to restrict the location to the easterly part of the town. Whether there may be other reasons leading to the same result, it is unnecessary to inquire. Upon the facts reported, the obvious meaning of the will in this respect, which its language alone imports, is not changed or modified by possible inferences indicating a different purpose.

Whether the plaintiff Adams as trustee under the will, and the other plaintiffs as residents in Derry, are proper parties, has not been considered.

*Case discharged.*

PARSONS, C. J., and BINGHAM, J., did not sit: the others concurred.